UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                        Case No. 24-cr-13 (NEB/DTS)

        Plaintiff,

v.

Said Ereg and Najmo Ahmed,

        Defendants,

and

Winnetka Green Master Association

        Claimant.

**EXPEDITED SETTLEMENT AGREEMENT**

IT IS HEREBY STIPULATED by and between the United States of America and Winnetka Green Master Association (the "Association"), to compromise and settle the Association's interest in the real property located at 5531 Elm Grove Circle, New Hope, Minnesota, more particularly described as:

> LOT 16, BLOCK 1, WINNETKA GREEN, HENNEPIN COUNTY, MINNESOTA ("the Real Property").

This settlement is entered into between the parties pursuant to the following terms:

1. The parties to this Agreement hereby stipulate that the Association has a prior vested or superior interest in the Real Property or is a bona fide purchaser for value of the right, title, or interest in the Real Property, and was at the time of purchase reasonably without cause to believe that the Real Property was subject to forfeiture.

2. The United States agrees that upon interlocutory sale of the Real Property pursuant to an order of the Court, or upon entry of a final order of forfeiture forfeiting the Real Property to the United States and sale of the Real Property pursuant to the final order of forfeiture, the United States will not contest payment to the Association in full from the proceeds of sale, after payment of outstanding real estate taxes and the expenses of custody and sale incurred by the United States Marshals Service, as follows:

*United States v. Said Ereg & Najmo Ahmed.*, Criminal No. 24-13 (NEB/DTS)
Stipulation of Settlement—Winnetka Green Master Association — 5531 Elm Grove Circle, New Hope, Minnesota

   a. All unpaid association dues, expenses and assessments due to the Association pursuant to the terms of the Declaration of Winnetka Green Master Association (the "Declaration"), dated June 16, 2005, in the amount of $23,702.67 as of April 1, 2026, which amount is subject to change, pursuant to the terms of the Declaration;

   b. All unpaid association dues, expenses and assessments that are incurred after the date of April 1, 2026;

   c. Any casualty insurance premiums paid by the Association until the date of the payment;

   d. No late fees, penalties, or foreclosure procedure costs will be assessed, except to the extent they are included in the amounts described above.

3. Payment to the Association as set forth in Paragraph 2 above is conditioned upon the sale of the Real Property in this matter and is to be made from the proceeds of the sale of the Real Property.

4. The payment to the Association as set forth in Paragraph 2 above shall be in full settlement and satisfaction of all claims by the Association arising from and relating to the seizure, detention, and forfeiture of the Real Property.

5. Upon payment as set forth in Paragraph 2 above, the Association shall hold harmless the United States and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by the Association and its agents, members and stakeholders that currently exist or that may arise as a result of the United States' actions against and relating to the Real Property.

6. The Association agrees not to pursue any other rights it may have under the Association's Assessment Lien or any other provisions of the Declaration against the United States including but not limited to the right to foreclose upon and sell the Real Property, any right to assess additional interest or penalties. Nothing in this Stipulation, however, shall limit any of the Association's rights pursuant to the Declaration following the sale of the Real Property and the expiration of this Stipulation.

7. The Association understands and agrees that by entering into this expedited settlement of its interest in the Real Property, it waives any rights to litigate further its interest in the Real Property in connection with this matter. The parties further

*United States v. Said Ereg & Najmo Ahmed.*, Criminal No. 24-13 (NEB/DTS)
Stipulation of Settlement—Winnetka Green Master Association — 5531 Elm Grove Circle, New Hope, Minnesota

agree that the Association shall thereafter be excused and relieved from further participation in the above-captioned action unless specifically directed by an order of the Court. This expedited settlement does not, however, relieve the Association of any applicable discovery obligations that may arise.

8. The Association understands and agrees that the United States reserves the right to void the expedited settlement agreement if, before payment, the U.S. Attorney obtains new information indicating that the Association is not an "innocent owner" of its lien pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time, for any reason, and release the Real Property. In either event, the Government shall promptly notify the Association of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees.

9. The Association agrees to execute further documents to the extent necessary to implement the terms of this settlement.

10. Each party agrees to bear its own costs and attorneys' fees.

11. Payment to the Association pursuant to this settlement agreement is contingent upon the sale of the Real Property pursuant to a court order or its entry of a final order of forfeiture to the United States and sale of the Real Property pursuant to the final order of forfeiture. Payment shall also be subordinate to the payment of the holder of the first mortgage of record and any taxes, bonds, assessments and other levies which by law would be superior liens thereto, consistent with Section 6.11 of the Declaration. The terms of this settlement agreement shall be subject to approval by the United States district court and any violation of any terms or conditions shall be construed as a violation of an order of the court.

*United States v. Said Ereg & Najmo Ahmed.*, Criminal No. 24-13 (NEB/DTS)
Stipulation of Settlement—Winnetka Green Master Association — 5531 Elm Grove Circle, New Hope, Minnesota

13. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one instrument.

DANIEL N. ROSEN
United States Attorney

Dated: 5/29/2026

*s/Craig Baune*
By: Craig R. Baune
Assistant United States Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
craig.baune@usdoj.gov

TOOHEY LAW FIRM P.A.

Dated: 5/29/2026

*s/Karl Robinson*
By: Karl E. Robinson
Attorney ID No. 274045
7100 Northland Circle North
Suite 101
Brooklyn Park, MN 55428
Phone: 763-401-4120
krobinson@tooheylawfirm.com

Attorneys for the Association